FILED
DES MOINES, IOWA

IN THE UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

01 JUL 10 PM 4:34

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IA

| | |
|---|---|
| TAIBY LEE LADJAHASAN, ) | |
| ) | **4:01-CV-10419** |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT WITH JURY DEMAND |
| ) | |
| IOWA STATE UNIVERSITY, ) | |
| a/k/a THE IOWA STATE UNIVERSITY ) | |
| OF SCIENCE AND TECHNOLOGY. ) | |
| ) | |
| Defendant. ) | |

## I. INTRODUCTION

1. This action is brought by the Plaintiff against the Defendant to redress his rights under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et. seq.*) alleging race and national origin discrimination and for redress of his rights under the Rehabilitation Act of 1973 (29 U.S.C. §794). Plaintiff alleges in this lawsuit that as a result of the violations of his civil rights pursuant to these statutes, he has been injured both economically and emotionally and seeks damages in relief of those injuries.

## II. PARTIES

2. Plaintiff is and at all time material hereto was a resident of Ames, Story County, Iowa. Plaintiff is a "handicapped individual" within the meaning of the Rehabilitation Act in that he has a physical impairment which substantially limits one or more of

1

his major life activities; has a record of such impairment; or is regarded as having such an impairment. Additionally, Plaintiff, being of Chinese/Philippine descent, is protected under 42 U.S.C. §2000e, *et. seq.*

3. The Defendant, Iowa State University, a/k/a The Iowa State University of Science and Technology (hereafter Iowa State or ISU) (at Ames, Iowa) is Plaintiff's employer within the meaning of both Title VII and the Rehabilitation Act and a recipient of federal financial assistance within the meaning of the Rehabilitation Act, both through block grants and aid directly from the Unites States Department of Agriculture and thus is covered by Section 704 of the Federal Rehabilitation Act of 1973. ISU is an agency of the State of Iowa, created by the Iowa Constitution and governed by the State Board or Regents pursuant to the provisions of Chapter 262 of the Iowa Code.

## III. JURISDICTION AND VENUE

4. The jurisdiction of the court over this controversy is invoked pursuant to 29 U.S.C. §794, *et. seq.*, 28 U.S.C. §1331, and 28 U.S.C. §1343(a)(4). The unlawful practices alleged below were committed within Story County in the state of Iowa. Accordingly, venue lies in the United States District Court for the Southern District of Iowa under 28 U.S.C. §1391(b). Plaintiff timely filed a complaint with the Iowa Civil Rights Commission which was then cross-filed with the Equal Employment Opportunity Commission. The United States Department of Justice has issued an appropriate Right-To-Sue letter and this action is timely brought. See attached Exhibit A.

## IV. FACTS

5. Plaintiff was hired with the Iowa State University in 1984 as an hourly worker (research aid) on the Sunflower Research Team.

6. In late 1985 or early 1986, he was transferred and started working as an hourly employee as a crew leader on the corn team.

7. In August 1988, Plaintiff became a regular full time employee as Field Tech II on the corn team.

8. At the time of his termination in June, 2000 Plaintiff's job title was Field Lab Technician II. During his entire tenure as a full time employee, he received no promotions or transfers.

9. During his tenure with Iowa State University, from 1988 through his termination in June, 2000, Plaintiff was passed over for promotions and better jobs by other employees who were no more qualified or were less qualified than Plaintiff.

10. Plaintiff was told on several occasions regarding his being passed over by other people that the reason he was not chosen is because he is Philippine, that he speaks like a Philippine and other comments about people of Philippine descent.

11. Plaintiff was also told on several occasions between the years 1992 and 1999 that the reason he did not get a promotion or reclassification is "because [he was] always sick."

12. Plaintiff suffers from hypertension, diabetes, glaucoma, and sleep apnea.

13. Plaintiff's physician gave him a release from work on November 15, 1999 due to recurrent atrial fibrillation, hypertension and right arm numbness and indicated that Plaintiff would be able to return to work in March of 2000.

14. On February 29, 2000, the Defendant wrote to Plaintiff's physician requesting physical restrictions or a release.

15. Plaintiff's physician released him to return to work on March 7, 2000.

16. Unsatisfied with the physician's release, the Defendant wrote to Plaintiff's physician again for clarifications regarding the restrictions on March 6, 2000.

17. On March 7, 2000, Plaintiff's physician indicated that Plaintiff had a lifting restriction of 50 pounds.

18. Thereafter, Plaintiff was again instructed to return to his physician for "clarification" of his restrictions.

19. On March 8, 2000, Plaintiff's physician gave him a 25 pound lifting restriction for one month.

20. Despite that, Plaintiff was still not allowed to return to work, despite being able to do his job with or without reasonable accommodation.

21. Finally, in June 2000, after additional inquiries from Defendant, Plaintiff's physician provided the following temporary restrictions: no repeated lifting over 25 pounds and no exposure to heat in excess of four hours per day. However, Plaintiff's physician clarified the restrictions to state that he should not be exposed to heat in excess of 88 degrees for more than four hours per day.

22. Plaintiff continued to be able to do his job with or without reasonable accommodation, even with these restrictions.

23. On June 22, 2000, without any discussion of whether Plaintiff's temporary restrictions would keep him from working, and without any interaction with the Plaintiff regarding his restrictions, Defendant terminated his employment effective

June 30, 2000.

24. On August 23, 2000, Plaintiff's physician indicated that all his medical conditions were stable and that all temporary restrictions were lifted.

25. Plaintiff was the victim of disparate treatment, both on the basis of his disability, record of a disability, perceived disability, and/or race/national origin in his treatment and termination by the Defendants.

26. After his termination, Plaintiff was told by two employees, Mark Millard and Candice Gardner, that the Defendant "just want[s] to protect [him] from [himself] and that "this is the most humane thing that we could do to a friend and colleague"

27. As a result of all of the aforementioned conduct, that is, being passed over for promotions, being treated differently than non-Asian/Philippine colleagues, being treated differently because of his disability or perceived disability, and being terminated for all of the above reasons, Plaintiff has suffered both economic and emotional injuries.

## V. CAUSES OF ACTION

### A. TITLE VII OF THE CIVIL RIGHTS ACT

28. Plaintiff incorporates paragraph 1 through 27 of this Complaint as though fully set forth herein.

29. Defendant Iowa State University has discriminated against Plaintiff with respect to his compensation, terms and conditions of employment by terminating his employment, because of his race/national origin in violation of Title VII.

30. By reason of Iowa State University's discrimination against Plaintiff as set out above, Plaintiff has lost back-pay, front-pay, future benefits and has suffered emotional distress.

31. Plaintiff requests relief for his damages as set forth more fully below.

**B.  THE REHABILITATION ACT OF 1973**

32. Plaintiff incorporates paragraph 1 through 27 of this Complaint as though fully set forth herein.

33. Plaintiff was at all time material hereto a qualified individual with a handicap within the meaning of Section 504 of the Rehabilitation Act.

34. Defendant irrebutably presumed Plaintiff to be a safety hazard to himself and others in the job in question without undertaking the requisite examination of what and whether risks in fact were reasonably foreseeable or substantial.

35. Defendant also failed to properly assess the essential functions of Plaintiff's job to determine whether he could perform the essential functions with or without reasonable accommodation.

36. For all of the reasons cited herein, Plaintiff was a protected individual with a disability under the Rehabilitation Act in that because of his medical conditions, he has a disability, record of an impairment, or because of a perceived disability that substantially limits one or more of his major life activities.

37. Iowa State University also failed to fulfill its duty to reasonably accommodate Plaintiff pursuant to the Rehabilitation Act.

38. Plaintiff's disability was also a motivating factor in the University's decision to terminate Plaintiff's employment.

## VI. RELIEF.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment and seeks the following relief:

### A. TITLE VII

A. An adjudication that the conduct of the Defendant violated Title VII.

B. Back pay and reinstatement or back pay and front pay in lieu of reinstatement, as well as lost benefits both past and future.

C. Compensatory damages.

D. Punitive damages.

E. Attorney fees and costs.

F. Interest as allowed by law.

### B. REHABILITATION ACT

A. An adjudication that the conduct of the Defendant violated Rehabilitation Act.

B. Back pay and reinstatement or back pay and front pay in lieu of reinstatement, as well as lost benefits both past and future.

C. Compensatory damages.

D. Punitive damages.

E. Attorney fees and costs.

F. Interest as allowed by law.

## VIII. JURY DEMAND.

The Plaintiff hereby demands a trial by jury of all issues herein.

Respectfully submitted,

*(signature)*

---

MICHAEL J. CARROLL
Coppola, Sandre, McConville & Carroll, P.C.
2100 Westown Parkway, Suite 200
West Des Moines, Iowa 50265
Telephone:   (515) 453-1055
Facsimile:    (515) 453-1059

*(signature)*

---

PAMELA J. WALKER
Sherinian & Walker Law Firm
320 Edgewater Building
4200 University Avenue
West Des Moines, Iowa 50266
Telephone:   (515) 224-2079
Facsimile:    (515) 224-2321

ATTORNEYS FOR PLAINTIFF

Original filed.



**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
0923 0906

*Employment Litigation Section*
*P.O. Box 65968*
*Washington, DC 20035-5968*

April 12, 2001

Mr. Taiby Ladjahasan
310 Ken Maril Road
Ames, IA  50010

Re: EEOC Charge Against Iowa State University, et al.
    No. 26AA10019

Dear Mr. Ladjahasan:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.
   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.
   The investigative file pertaining to your case is located in the EEOC Milwaukee District Office, Milwaukee, WI.
   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                        Sincerely,

                                        William R. Yeomans
                                        Acting Assistant Attorney General
                                          Civil Rights Division

                                    by  *Karen J. Ferguson*
                                        Karen L. Ferguson
                                        Civil Rights Analyst
                                        Employment Litigation Section

cc:  Milwaukee District Office, EEOC
     Iowa State University, et al.



**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
0923 0906

*Employment Litigation Section*
*P.O. Box 65968*
*Washington, DC 20035-5968*

April 12, 2001

Mr. Taiby Ladjahasan
310 Ken Maril Road
Ames, IA 50010

Re: EEOC Charge Against Iowa State University, et al.
    No. 26AA10019

Dear Mr. Ladjahasan:

  Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

  If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

  The investigative file pertaining to your case is located in the EEOC Milwaukee District Office, Milwaukee, WI.

  This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                    Sincerely,

                                    William R. Yeomans
                                    Acting Assistant Attorney General
                                    Civil Rights Division

                              by    Karen L. Ferguson
                                    Karen L. Ferguson
                                    Civil Rights Analyst
                                    Employment Litigation Section

cc: Milwaukee District Office, EEOC
    Iowa State University, et al.